**NOT FOR PUBLICATION**

**FILED**

MAY 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT D. GIBSON, | No. 20-16001 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-04955-CRB |
| v. | |
| R. GONZALES, Correctional Officer; et al., | MEMORANDUM* |
| Defendants-Appellees, | |
| and | |
| J. AYERS; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted May 17, 2022**

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner Robert Gibson appeals pro se from the district

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's summary judgment and dismissal orders in his 42 U.S.C. § 1983 action alleging retaliation and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018) (summary judgment); *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly granted summary judgment on Gibson's retaliation claims because Gibson failed to raise a genuine dispute of material fact as to whether any defendant took adverse action against him because of his protected conduct or whether any action taken did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of a retaliation claim in the prison context).

The district court properly dismissed Gibson's due process and conspiracy claims against Ayers because Gibson failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (to state a due process claim, a prisoner must allege facts sufficient to show state action that inevitably affected the duration of his sentence or imposed

"atypical and significant hardship on [him] in relation to the ordinary incidents of prison life"); *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010) (elements of a § 1983 conspiracy claim); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

The district court did not abuse its discretion in denying Gibson's motion for further discovery because Gibson did not identify what he expected to discover or how it would preclude summary judgment. *See Cal. Dep't of Social Servs. v. Leavitt*, 523 F.3d 1025, 1031 (9th Cir. 2008) (standard of review); *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (party filing a motion for further discovery must identify the specific facts sought, establish that those facts exist, and that those facts are essential to resist a summary judgment motion).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**